UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PBS INTERNATIONAL LTD. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No 2023-_____ |
| | : | |
| CONSOLIDATED FOAM, INC. | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff PBS International Ltd. brings this action against Defendant Consolidated Foam, Inc. for trademark infringement and ancillary State law claims as set forth more particularly herein. Plaintiff seeks, *inter alia*, injunctive relief and money damages and alleges as follows:

### NATURE OF THIS ACTION

1. Plaintiff PBS International Ltd. owns and uses in commerce throughout the United States the registered trademark DURAWEB®. Defendant Consolidated Foam, Inc. is using in commerce throughout the United States the trademark DURAWEB which is likely to cause confusion and infringe on Plaintiff's registered trademark.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff PBS International Ltd. is a United Kingdom based private limited company with its principal place of business located at Salter Road, Scarborough, YO11 3UP, United Kingdom. PBS International is a world leader in pollination control, in applying fabric technology to pollination control, and in manufacturing a range of products for plant breeders and seed producers. Its products are sold throughout the United States and Europe.

3. Upon information and belief, Defendant Consolidated Foam, Inc. is an Illinois corporation with its principal place of business at 1670 Barclay Boulevard, Buffalo Grove, IL

60089. Consolidated Foam, Inc. works in the commercial setting of designing, manufacturing, and importing lawn and garden equipment. Its products are sold throughout the United States.

4. Plaintiff PBS International Ltd. has a registered trademark under the title DURAWEB®. The application for trademark was filed August 13, 2013, resulting in the registration of the DURAWEB® trademark on August 4, 2015 as U.S. Reg. No. 4,783,834. In addition, Plaintiff has a registered UK trademark under the title DURAWEB® that was registered as UK00911584562 on September 6, 2013.

5. This Complaint alleges causes of action under the Trademark laws of the United States, Chapter 15 (The "Lanham Act") of the United States Code, in particular, § 43(a) of the Lanham Act, 15 U.S.C. §1125.

6. This Court has subject-matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1338.

7. This Court has personal jurisdiction over Defendant pursuant to substantial and continuous contacts within the state of Rhode Island that all relate to and/or from the basis of this action and/or that they have done and continue to do business in this District, including but not limited to, offering a sale of goods throughout this District through websites, mobile websites, and other media.

8. This Court has long arm jurisdiction over the nonresident defendant pursuant to RIGL §9-5-33(a).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

A. **Ownership of the Trademark at Issue**

10. DURAWEB®, the trademark at issue, claims priority under the Paris Convention to United Kingdom trademark application number 2653208 filed on February 18, 2013 (the "priority trademark"). Plaintiff PBS International Ltd. is the current owner of this priority trademark.

11. Duraweld Ltd. ("Duraweld") filed an application to register the priority trademark on August 13, 2013. Duraweld received U.S. Trademark Registration number 4,783,834 on August 4, 2015. Plaintiff PBS International Ltd. is the current owner of the trademark at issue. A true and correct copy of DURAWEB® wordmark U.S. Trademark Registration is attached hereto as <u>Exhibit A</u>.

12. The trademark at issue designates International Classes 016, 017, 020, and 022.

13. Defendant, Consolidated Foam, Inc., filed an application with the United States Patent & Trademark Office to register the trademark DURAWEB on February 13, 2020. Defendant abandoned this application on February 6, 2023. The United States Patent and Trademark Office repeatedly denied Defendant's application under Trademark Act Section 2(d) as "confusingly similar" to Plaintiff's 4,783,834 trademark. 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* The Examiner assigned to the prosecution of Defendant's mark stated that "[t]rademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912

F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997))."

14. Defendant appealed the Examiner's decision.  The TTAB denied Defendant's appeal. Exhibit B

15. Defendant further filed a second application for the trademark DURAWEB on December 16, 2022. This application is pending at the United States Patent & Trademark Office under U.S. Serial number 97/721,045.

### B. Trademark Infringement

16. Plaintiff PBS International Ltd. uses its registered trademark DURAWEB® in the agricultural industry, primarily for, but not exclusively for, pollination control, in applying fabric technology to pollination control, and in manufacturing a range of products for plant breeders and seed producers.

17. Defendant Consolidated Foam, Inc. uses its applied for trademark DURAWEB in designing, manufacturing, and importing lawn and garden equipment.

18. Defendant claims the trademark is being used in commerce for branding goods which are directed towards homeowners and small business owners.

19. Defendant further claims the trademark is being used in commerce for branding goods which are available for purchase at retail stores.

20. Defendant is using in commerce the trademark DURAWEB on goods sold or displayed online at the Defendant's website and on Gardien's website, a wholly owned subsidiary of Defendant; on Amazon Marketplace; and are available for purchase at Menards and other retail stores.

21. Defendant advertises and uses promotional material that misrepresent the nature, characteristics and qualities of its products sold under the DURAWEB trademark, for instance:



22. Defendant's misrepresentation in a commercial advertising or promotion was disseminated to potential and actual purchasers.

23. Defendant's misrepresentations were actually, and likely to influence, the purchasing decisions of the persons to whom it was disseminated.

24. Defendant's misrepresentations injured Plaintiff by causing Plaintiff to lose customers, sales and caused additional unnecessary business expenses resulting in business losses.

25. Defendant's misrepresentations were made in commerce.

26. Defendant's misrepresentations are likely to cause Plaintiff irreparable harm financially and by damaging Plaintiff's business reputation.

27. In addition, Defendant's product harms consumer perception of Plaintiff's novel and unique products, other wise known as "dilution by blurring and dilution by tarnishment, defined in 15 U.S.C. §§1125(c)(2)(B) and (c)(2)(C), respectively.

28. Defendant admits that it has infringed Plaintiff's mark for **over eight years**. <u>Exhibit C</u>

## Claim for Relief
## (15 U.S.C. §§ 1114 and 1125)
## (Infringement of a Federally Registered Trademark)

29. Plaintiff realleges and incorporates by reference Paragraphs 1 through 28 as if fully set forth here.

30. Plaintiff PBS International Ltd. has a federally registered trademark on the principal register, DURAWEB®.

31. Defendant Consolidated Foam, Inc., is using the DURAWEB® trademark without consent or permission .

32. In addition, Defendant has filed a trademark application to register the DURAWEB® trademark as its own, which is likely to cause confusion, mistake, or deceive

because it is written and spelled the same as the DURAWEB® mark and both are in a similar or same market. Defendant is using the DURAWEB® to market their products.

33. Defendant had actual and constructive knowledge of the use in commerce and existence of the DURAWEB® mark.

34. There is a likelihood of confusion between the DURAWEB® mark and Defendant's applied for mark.

35. Plaintiff is known in the agricultural industry and has goodwill in the industry. Defendant is using Plaintiff's DURAWEB® mark on its products, and consequently on its website and in other marketing materials, without permission, to trade off the goodwill of Plaintiff.

36. Defendant is misappropriating the goodwill that Plaintiff has established for over 13 years by using the confusingly similar mark for related services. As a result, Defendant's use of the DURAWEB mark is infringing on Plaintiff's federally registered trademark and is causing injury to Plaintiff.

37. Defendant has committed such acts, and will continue to commit such acts, in an intentional and willful manner, that make this case exceptional under 15 U.S.C. §1117(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff PBS International Ltd. prays for judgment in its favor and against Defendant Consolidated Foam, Inc., and requests that:

38. Judgment be entered in favor of Plaintiff against Defendant on each count of this Complaint;

39. Defendant be adjudged to have infringed Plaintiff's registered trademark;

40. Defendant be adjudged to have infringed Plaintiff's federally registered trademark and that such infringement be adjudged to have been exceptional;

41. Cancellation of Defendant's trademark application US Serial number 97/721,045 currently pending at the United States Patent & Trademark Office;

42. Defendant be temporarily, preliminarily, and thereafter permanently enjoined and ordered to cease making, using, offering for sale or selling any goods or products that contain the DURAWEB® mark, and to recall all offending materials;

43. Compensation representing profits earned by Defendant through its misrepresentations in an amount no less than a reasonable royalty of Defendant's gross sales of any infringing products;

44. Plaintiff be awarded treble damages pursuant to 15 U.S.C. §1117(b) and 35 U.S.C. §284 because of the willful nature of Defendant's acts;

45. Plaintiff be awarded exemplary damages pursuant to RIGL §§ 6-41-3;

46. Prejudgment interest;

47. Plaintiff be awarded its costs, attorneys' fees and expenses under 15 U.S.C. § 117(a), 35 U.S.C. § 285 and RIGL § 6-41-4;

48. Compensation for Plaintiff's lost profits;

49. Compensation for expenses incurred by Plaintiff in counteracting the effects of Defendant's misrepresentations; and

50. Plaintiff be awarded such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED ON ALL COUNTS THAT MAY BE SO TRIED**

                PBS International Ltd.

                By its attorneys,

                /s/

                _____
                Alan F. Feeney #9250
                FEENEY IP LAW
                235 Promenade Street, Suite 485
                Providence, RI 02908
                Tel.: (401) 660-6079
                Email: alan@feeneylawgroup.com